# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2016

No. 15-10498

Lyle W. Cayce
Clerk

BRAATZ, L.L.C., a Wisconsin Limited Liability Company; PETER BRAATZ, Individually; ELIZABETH BRAATZ, Individually; HELEN M. LUDWIG, Chapter 7 Trustee for the Bankruptcy Estate of Peter and Elizabeth Braatz,

> Plaintiffs - Appellants

v.

RED MANGO FC, L.L.C., a Texas Limited Liability Company; RED MANGO, INCORPORATED, a Texas Corporation; JOHN F. ANTIOCO; BARRY M. BARRON, SR.; DANIEL J. KIM; RICHARD JENSRUD; MIGUEL FOEGAL; GREG KALOUSTIAN; MELITHA LYNN BROWN; MANDY GRIBBLE; JEFF MARTIN,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-4516

Before BENAVIDES, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

The Braatzes appeal the district court's dismissal of their suit against Red Mango FC, L.L.C., for failure to state a claim. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10498

## FACTS AND PROCEDURAL BACKGROUND

Red Mango FC, L.L.C., is a franchisor of frozen yogurt stores. Peter and Elizabeth Braatz owned and operated a Red Mango franchise store in Wisconsin from 2012 to early 2014, when they closed their store due to financial difficulties. In December 2014, the Braatzes[1] sued Red Mango and certain of its officers, directors, and employees, alleging that the company violated Wisconsin franchise law in executing the parties' franchise agreement.

The Braatzes alleged that in September 2011 they had inquired with Red Mango about opening a franchise in Wisconsin. In early November, Peter Braatz received an email from Jeff Martin, a Franchise Regional Director for Red Mango, containing a business plan and financial projections for an established Red Mango franchise. A day later, the Braatzes received Red Mango's "Franchise Disclosure Document," as required by Wisconsin and federal law (the "FDD"). The FDD contained a copy of the Franchise Agreement and several attachments, including a Franchisee Questionnaire. The purpose of the Questionnaire was "to determine whether any statements or promises were made to [the Braatzes] that [Red] Mango has not authorized . . . to be certain that [the Braatzes] have been properly represented in this transaction, and . . . that [the Braatzes] understand the limitations on claims [they] may make" against Red Mango. The instructions to the Questionnaire stated, "Please review each of the following questions carefully and provide honest responses to each question."

Over a month later, on December 28, the Braatzes asked Red Mango to send a copy of the documents they needed to complete and sign to start a franchise. Red Mango sent documents identical to the FDD. Red Mango

---

[1] The other plaintiffs in this lawsuit are Braatz, L.L.C., the entity the Braatzes created to own and operate the Red Mango store, and the Chapter 7 trustee from the Braatzes' bankruptcy.

2

instructed the Braatzes to wait at least seven days before returning the signed franchise documents, including the Questionnaire. The Braatzes returned the signed documents to Red Mango with a check on January 5, 2012. A Red Mango representative signed the documents on January 9. The Braatzes' check was cashed on January 13.

The Braatzes alleged that, between January 6 and 16, they received a new blank copy of the Questionnaire with a note marking Questions 12 and 13. Those questions asked whether it was true "no employee or other person on [Red Mango's] behalf made any statement or promise," not contained in or contrary to the FDD, regarding "the costs involved in operating a Red Mango store" or "the actual, average or projected profits or earnings, the likelihood of success, the amount of money you may earn or the total amount of revenue a Red Mango Store will generate." For Questions 12 and 13, the Braatzes had originally answered "no" because they had received Jeff Martin's November 2011 email with the business plan and financial projections, which had not been in the FDD. They had answered the rest of the questions with "yes."

The Braatzes asked Red Mango what to do with the blank Questionnaire. They alleged a Red Mango representative said that they could not open a franchise without changing their answers from "no" to "yes" on Questions 12 and 13 so that the entire Questionnaire had "yes" responses. Sometime before January 16, the Braatzes returned the Questionnaire with their answers to Questions 12 and 13 changed to "yes." Red Mango returned an executed Franchise Agreement, containing the updated Questionnaire answers, to the Braatzes on January 16.

Red Mango moved to dismiss the Braatzes' complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). The district court held there was standing, and granted the motion to dismiss for failure to state a claim. It allowed the Braatzes time

No. 15-10498

to amend their complaint before the complaint would be dismissed with prejudice. The Braatzes did not amend their complaint by the deadline. Consequently, the district court entered a final judgment dismissing their case with prejudice. The Braatzes timely appealed.

## DISCUSSION

We review *de novo* a district court's determination of a motion to dismiss based on Rule 12(b)(1) and (b)(6). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). We consider the Rule 12(b)(1) grounds before the Rule 12(b)(6) grounds. *Id.* We may affirm on any ground supported by the record. *See Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) (jurisdiction); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (failure to state a claim).

In reviewing a motion to dismiss under Rule 12(b)(1), we first determine whether the motion was a facial or factual attack on jurisdiction. *See Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). This attack is facial because Red Mango has not filed any supporting affidavits, testimony, or other evidentiary materials. *See id.* Accordingly, we presume the allegations in the complaint are true and determine "whether the complaint is sufficient to allege the jurisdiction." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Similarly, in reviewing a motion to dismiss under Rule 12(b)(6), we accept the facts alleged as true and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions and a formulaic recitation of the elements of the cause of action." *Id.* at 555 (quotation marks omitted).

No. 15-10498

I.    *Standing*

Because Red Mango can seek affirmance on any basis in the record, the Braatzes briefed why the district court's determination of standing is correct. Red Mango did not respond in its brief with any argument as to why there is not standing in this case.

Standing requires injury in fact, causation, and redressability. *See Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 799–800 (5th Cir. 2012). The Braatzes have alleged injury in fact because they have sued for a violation of Section 27(4) of Chapter 553, Wisconsin's franchise law statute. The parties refer to Section 27(4) as the 14-day rule. A violation of a statute creating a legal right can create Article III standing. *See Warth v. Seldin*, 422 U.S. 490, 500 (1975). The rule assures that potential franchisees have at least 14 days with an "offering circular" prior to signing a binding franchise agreement or exchanging payment under a franchise agreement. WIS. STAT. § 553.27(4). This statute creates a "concrete" and "particularized" legal right, which the Braatzes alleged Red Mango violated. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Causation exists because the injury is directly traceable to Red Mango's alleged conduct in violating the 14-day rule. Finally, redressability exists because a favorable ruling would allow the Braatzes to rescind the franchise agreement under Section 51(1) of Chapter 553. WIS. STAT. § 553.51(1); *see Lujan*, 504 U.S. at 560. We conclude that the Braatzes have standing.

II.    *Failure to State a Claim*

The Braatzes have alleged that Red Mango violated the 14-day rule when it orally instructed them to change their answers to Questions 12 and 13, but did not allow 14 days to pass before accepting the new answers. Under Section 51(1) of Chapter 553, the Braatzes can seek rescission of the franchise

5

agreement based on a violation of the 14-day rule "if the violation was material in the franchisee's . . . decision to purchase the franchise."  WIS. STAT. § 553.51(1).  Accordingly, an action for rescission under Section 51(1) requires a violation of the 14-day rule that is material.

The district court did not analyze whether the Braatzes had alleged a violation of the 14-day rule.  Instead, it held that, assuming the alleged facts showed a violation, the Braatzes failed to plead sufficient facts that the violation was "material" as required by Section 51(1).  The district court held that Section 51(1) required subjective, rather than objective, materiality and that the Braatzes failed to allege facts showing subjective materiality.

Because we can affirm on any basis supported in the record, we take a different course.  We first determine whether the Braatzes have alleged facts showing a violation of the 14-day rule.  Red Mango has argued that the Braatzes failed to do so.  The 14-day rule requires that an "offering circular" be given to potential franchisees at least 14 days before the franchise agreement is signed or the franchisor accepts payment.  WIS. STAT. § 553.27(4).  Although an "offering circular" is not expressly defined, other sections in Chapter 553 illustrate what it means.  We turn to those sections.

Before selling franchises in Wisconsin, a franchisor must register by filing several items required under Chapter 553 with the state, including "a copy of the offering circular."  *See id.* §§ 553.26(1), 553.21; *Kinship Inspection Serv., Inc. v. Newcomer*, 605 N.W.2d 579, 587 (Wis. Ct. App. 1999) (discussing an older version of the Wisconsin statute).  At least 14 days before selling a franchise to a potential franchisee, a franchisor must provide "a copy of an offering circular" to the franchisee.  WIS. STAT. § 553.27(4); *Kinship Inspection*, 605 N.W.2d at 587 (explaining same requirement under older version of statute).  These sections indicate that the phrase "offering circular" specifically refers to disclosure documents filed with the state when a franchisor registers.

No. 15-10498

*See ReMax N. Cent., Inc. v. Cook*, 272 F.3d 424, 426–28 & n.3 (7th Cir. 2001) (describing offering circulars under Wisconsin law as a specific uniform document franchisors submit to the state and send to potential franchisees).

Accordingly, we read the 14-day rule to require a franchisor to send potential franchisees the offering circular it has filed with the state at least 14 days before entering into a franchise agreement. Nothing in the text of the 14-day rule suggests that the rule applies to anything other than an offering circular. The rule does not, for example, entitle a franchisee to 14 days to consider "any new information" about the franchise agreement.

The Braatzes have offered varied explanations for why Red Mango's conduct violates the 14-day rule. The Braatzes' complaint alleged that Red Mango violated the 14-day rule because it "accepted the Braatzes' Franchise Agreement, franchise fees, and revised Franchisee Questionnaire" less than 14 days after it had sent the new, blank Questionnaire and instructed the Braatzes to change their answers. They asserted that "Red Mango was legally obligated to provide the Braatzes 14 additional days to consider Red Mango's proposed material change to the legal relationship." These statements suggest that the Braatzes interpret the 14-day rule to require a franchisor to give a potential franchisee 14 days with the franchising documents any time a material change is made. The text of the 14-day rule does not support this interpretation.

In their reply brief, the Braatzes offered another theory. They contended the 14-day time period began only once they received "the specific" offering circular that Red Mango would accept as the basis of the franchise agreement. While "a" registered offering circular was sent to them 14 days before they signed the agreement, "the specific" offering circular Red Mango used for this franchise agreement was not disclosed until the Braatzes were told that they had to answer "yes" to Questions 12 and 13. The text of the 14-day rule

requires the franchisor provide "a copy of an offering circular," so the text does not support the distinction the Braatzes draw. *See* WIS. STAT. § 553.27(4).

At oral argument, the Braatzes suggested a new theory as to how Red Mango violated the 14-day rule. They argued that Red Mango violated the second sentence of the 14-day rule: "The offering circular may be in a form that the division requires by rule, in a form permitted under 16 CFR 436 or in a form permitted by a successor to that regulation." WIS. STAT. § 553.27(4). The Braatzes contend that the FDD sent in November 2011 was not in a permitted form because it contained a material omission. The Braatzes did not present this theory below or in their briefing. New arguments or legal theories first raised at oral argument are waived. *See Comsat Corp. v. F.C.C.*, 250 F.3d 931, 936 n.5 (5th Cir. 2001). We do not consider the merits of this argument.

In summary, Red Mango sent "a copy of an offering circular" to the Braatzes in November 2011, over a month before the Braatzes signed and returned the Franchise Agreement and attachments with a check. On the plain text of the 14-day rule, the Braatzes have not alleged facts showing that the rule was violated. Therefore, they have failed to state a claim under Section 51(1). We need not reach whether Section 51(1) requires subjective or objective materiality.

AFFIRMED.